IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **INTERNATIONAL SCHOOL OF MANUFACTURING, INC., et al.,**   )    ) | |
| Plaintiff,   ) | |
| )    vs.   ) | Case No. 15-cv-9084-JAR-GLR |
| )    **ACCREDITATION COUNCIL FOR BUSINESS SCHOOLS AND PROGRAMS,**   ) | |
| )    Defendant.   ) | |

Actually correcting — the plaintiff is "INTERNATIONAL SCHOOL OF MANAGEMENT, INC., et al."

**MEMORANDUM AND ORDER**

This matter is before the Court on Defendant Accreditation Council for Business Schools and Programs' Motion to Vacate TRO (Doc. 29). The matter is fully briefed and the Court is prepared to rule. For the reasons explained in detail below, the Court grants Defendant's motion to vacate and sets this matter for a preliminary injunction hearing on September 9, 2015.

**I.     Background**

Plaintiff International School of Management, Inc. ("ISM") is an executive education institution established in the 1990s. The first ISM Master of Business Administration program officially began in 1998, and ISM has been expanding its international presence ever since. Plaintiff International School of Management Association ("ISMA") administers ISM's programs in Paris, France. Since 2005, Accreditation Council for Business Schools and Programs ("ACBSP") has accredited ISMA. Plaintiffs claim that without warning, in a letter dated May 5, 2015, ACBSP declared it was revoking ISMA's accreditation effective May 15, 2015, purportedly because ISMA did not have the right to confer

higher education degrees in France. Plaintiffs' claim that their accreditation was wrongfully revoked and that they were not afforded certain procedural guarantees provided under the bylaws before ACBSP is permitted to revoke an accreditation.

ISM filed this action on Friday, May 22, 2015, alleging claims against Defendant ACBSP for breach of contract, promissory estoppel, and equitable estoppel relating to the accreditation agreement for ISMA's programs in France. On the same day, ISM filed a Motion for a Temporary Restraining Order and Preliminary Injunction, seeking an order requiring ACBSP to: (1) reaccredit ISMA for the remainder of this case, and (2) reflect that reaccreditation on ACBSP's website.[1]

The Court scheduled a TRO hearing for the following business day, which was Tuesday, May 26, 2015. On Tuesday morning, Defendant received notice of the Complaint and motion for injunctive relief. The parties appeared that afternoon for the hearing and presented argument on the motion; no evidence was presented. The Court asked whether the parties would be ready to proceed with a preliminary injunction hearing in the short-term, to which Plaintiffs responded in the affirmative. Plaintiffs' counsel also represented that ISMA's witnesses would probably come here from France for the hearing. After hearing from the parties, the Court orally granted Plaintiffs' motion. The Court considered the factors for granting a temporary restraining order[2] and found that on balance they weighed in favor of issuing "a very short term" TRO until the Court could conduct a preliminary injunction hearing. The Court acknowledged the limited record before it, and made clear that it may

---

[1] Doc. 3.

[2] *O Centro Espirita Beneficiente Uniao Do Vegetal v. Ashcroft*, 389 F.3d 973, 389 F.3d 973, 975 (10th Cir. 2004) (en banc); *Flying Cross Check, L.L.C. v. Central Hockey League, Inc.*, 153 F. Supp. 2d 1253, 1258 (D. Kan. 2001) (explaining preliminary injunction factors apply on motion for temporary restraining order).

change its ruling as to likelihood of success on the merits once the parties presented evidence of the process required by the bylaws.

The Court entered a written Temporary Restraining Order ("TRO") on May 28, 2015. It required Defendant "to reflect on its website that ISMA is accredited by Defendant." It provided further that the Order "remains in effect until the merits of the preliminary injunction are considered and determined."[3] The Order did not require a security bond.

Because the parties indicated at the hearing that they intended to conduct limited discovery in preparation for a preliminary injunction hearing, the Court set the matter for a telephonic status conference on June 3. At the June 3 status conference, the parties updated the Court on their discovery progress and the Court set another status conference for June 11. At the June 11 conference, Plaintiffs explained their objection to certain discovery requests based on the French Blocking Statute and the Hague Convention. On June 22, 2015, Plaintiffs filed a motion to quash notices of deposition issued to Jack Forget, the President of ISM, and Matthew Andrews, the Academic Director of ISM, citing the French Blocking Statute and Hague Convention.[4] Both sides sought motions for extensions of time to file motions to compel.[5]

On June 23, 2015, twenty-eight days after the TRO was issued, Defendant filed its motion to vacate. The matter became ripe on July 21, and the Court conducted another telephonic status conference on July 31, 2015. At this status conference, Plaintiffs informed the Court that: (1) they

---

[3] Doc. 11 at 2.

[4] Doc. 26.

[5] Docs. 38, 39, 49, 50.

intended to file a motion for preliminary injunction that day; (2) they are now willing to bring their French witnesses to the United States for deposition, despite their previous objection under the French Blocking Statute and Hague Convention; and (3) Plaintiffs' counsel is unavailable for a preliminary injunction hearing during the month of August. The Court set a preliminary injunction hearing for September 9, 2015, and urged Plaintiffs to make their French witnesses available to Defendant for deposition by September 2.

## II.     Discussion

The issuance of a temporary restraining order or other preliminary injunctive relief is within the sound discretion of the district court.[6] "TROs are supposed to be just what the name suggests—temporary."[7] Under Fed. R. Civ. P. 65(b)(2), a TRO is to "expire[] at the time after entry—not to exceed 14 days—that the court sets, unless before that time the court, for good cause, extends it for a like period or the adverse party consents to a longer extension. The reasons for an extension must be entered in the record." In this case, the Court ordered that the TRO would remain in effect until the merits of the preliminary injunction are considered and determined. The Court understood that this timeframe would be short. At the time it issued the Order, Plaintiffs had represented that they would be bringing their witnesses here from France and both parties appeared willing to quickly prepare for a preliminary injunction hearing, at which time the Court could hear evidence after Defendant had a full and fair opportunity to respond to the motion and obtain evidence

---

[6] *Tri–State Generation & Transmission Ass'n, Inc. v. Shoshone River Power, Inc.*, 805 F.2d 351, 354 (10th Cir. 1986).

[7] *ClearOne Commc'ns, Inc. v. Bowers*, 509 F. App'x 798, 801 (10th Cir. 2013).

to rebut Plaintiffs' motion for injunctive relief.

The Court need not have proof of changed circumstances before altering or dissolving a temporary injunction.[8]  Nonetheless, circumstances have changed since the TRO hearing.  Plaintiffs' position as to producing its French witnesses in this case has been a moving target.  At the hearing, Plaintiffs claimed they would produce them, but they later invoked the French Blocking Statute and Hague Convention, claiming that producing these witnesses in the United States could subject them to criminal liability in France.  Then, at the July 31 status conference, Plaintiffs agreed to produce them in order to expedite the preliminary injunction process.  Moreover, Plaintiffs delayed filing a motion for preliminary injunction and cannot make themselves available for a preliminary injunction hearing until September.  The Court and parties clearly anticipated briefing and hearing a motion for preliminary injunction in a more expeditious manner, particularly given the short notice provided to Defendant on the TRO.  The Court did not contemplate a more than three-month lag time between its TRO and the preliminary injunction hearing.  For all of these reasons, the Court hereby dissolves the TRO under Fed. R. Civ. P. 65.  The Court will reconsider Plaintiffs' motion for injunctive relief after the parties have had a full and fair opportunity to brief the motion and present evidence to the Court at the September 9, 2015 hearing.

**IT IS THEREFORE ORDERED BY THE COURT** that Defendant's Motion to Vacate TRO (Doc. 29) is **granted**.

**IT IS FURTHER ORDERED** that Defendant shall have until August 21, 2015 to respond to the Motion for Preliminary Injunction; Plaintiff shall have until September 4, 2015 to reply.  The

---

[8] *Id.*

preliminary injunction hearing is set for September 9, 2015 at 9:00 a.m.

Dated: August 3, 2015

                                               S/ Julie A. Robinson
                                               JULIE A. ROBINSON
                                               UNITED STATES DISTRICT JUDGE